762 F.2d 1008
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
WAYNE D. HOOVER, ET AL., PLAINTIFFS-APPELLANTS,
v.
SHEET METAL WORKERS' INTERNATIONAL UNION, DEFENDANT-APPELLEE.
 NO. 84-1175
 United States Court of Appeals, Sixth Circuit.
 3/11/85
 
 ORDER
 BEFORE: KENNEDY and WELLFORD, Circuit Judges; and WEICK, Senior Circuit Judge.
 
 
 1
 This appeal is related to Case No. 83-1843, which was dismissed by this Court on November 9, 1984. The appeal has been referred to a panel of the Court under Rule 9(a), Rules of the Sixth Circuit.
 
 
 2
 In the present motion, defendant moves this Court to reconsider its order of November 9, 1984, to include dismissal of the instant appeal. In the alternative, defendant asks that its motion be construed as a motion to dismiss the appeal.
 
 
 3
 Upon consideration, it appears defendant's motion is in effect a motion to affirm the decision of the district court. Because such motions are not permitted under the rules of this Court, defendant's motion will be denied. See Rule 8(a), Rules of the Sixth Circuit. However, because the questions presented on appeal are insubstantial, we affirm the district court's decision without oral argument and by unanimous agreement. Rule 34(a), Federal Rules of Appellate Procedure; Rule 9(d)(3), Rules of the Sixth Circuit.
 
 
 4
 Plaintiffs are appealing from an order granting in part and denying in part defendant's motion to dismiss, and remanding a pendent state claim to the Wayne County (Michigan) Circuit Court for consideration. The action arises from a labor dispute which occurred in Oakland County, Michigan in 1981. A general contractor, J & J Erectors, Inc., became dissatisfied with the work performance of the plaintiffs, who are members of a local union. The general contractor complained to the defendant international union, which conducted an on-the-job investigation of the situation. As a result of this study, defendant decided to transfer jurisdiction over the work away from plaintiffs' union. Whereupon, the general contractor terminated certain employees, including the plaintiffs.
 
 
 5
 The present action was filed in state court, but was subsequently removed to federal court. In the complaint, plaintiffs seek damages against defendant on several theories: 1) violation of the union constitution under Section 301 of the Labor Management Relations Act, 29 U.S.C. Sec. 185; 2) intentional infliction of mental distress; and 3) slander and libel. The district court found plaintiffs' first claim to be without merit under the authority of this Court's decision in Trail v. International Brotherhood of Teamsters, 542 F.2d 961 (6th Cir. 1976). The district court exercised pendent jurisdiction over plaintiffs' second claim, denying the claim on the merits and in the interest of judicial economy. The court elected not to decide the libel and slander claim and remanded the claim to the state courts for determination.
 
 
 6
 Upon consideration, we affirm the district court in all respects and specifically conclude that the court did not abuse its discretion in exercising (or refusing to exercise) pendent jurisdiction over plaintiffs' state law claims.
 
 
 7
 Therefore, defendant's motion to dismiss is denied, and for the reasons stated in the district court's opinion and order of February 16, 1984, the decision of the district court is hereby affirmed.